

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 17, 1959

Honorable Zollie Steakley
Secretary of State
State Capitol
Austin, Texas

Opinion No. WW-669

Re: Authority of the Secretary
of State to accept and file
Articles of Incorporation
which include in part a
purpose clause to engage
in the business of dealing
in annuities.

Dear Mr. Steakley:

You have asked our opinion as to whether your office may accept and file articles of incorporation which include in part the following purpose clause:

> "To establish and carry on a business dealing in all types of annuities and in connection therewith to buy, sell, hold, issue, pledge, assign and deal in annuities of all kinds, including deferred annuities, group annuities, variable annuities, term annuities, refund annuities, cash annuities, and installment annuities, but without banking, discounting or insurance privileges."

It is our opinion that you may not accept and file such articles of incorporation.

Prior to the enactment of the Business Corporation Act private corporations could only be created with purposes specifically authorized by law. (These purposes were primarily set forth in Article 1302, R.S. 1925.) Prior to the enactment of the Business Corporation Act there were no provisions which permitted the formation of a corporation with the power to sell annuities other than those provisions in the Texas Insurance Code relating to life insurance companies. With the passage of the Business Corporation Act private corporations could be created "for any lawful purpose or purposes" with certain stated exceptions. Article 2.01, Business Corporation Act. Article 2.01 provides in part:

> "No corporation may adopt this Act or be organized under this Act or obtain authority to transact business in this State under this Act:

"...

"(4) If any one or more of its purposes is to operate any of the following: . . . (d) insurance companies of every type and character that operate under the insurance laws of this State. . ."

Additionally, Article 9.14 provides in part:

"This Act does not apply to corporations organized for the purpose of operating. . . insurance companies of every type or character that operate under the insurance laws of this State. . ."

Article 3.01 of the Texas Insurance Code defines a life insurance company in the following terms:

"A life insurance company shall be deemed to be a corporation doing business under any charter involving the payment of money or other thing of value, conditioned on the continuance or cessation of human life, or involving an insurance, guaranty, contract or pledge for the payment of endowments or annuities."

Thus, any corporation with the power under its charter to issue an annuity contract would, by definition, be an insurance company. Therefore, the purpose clause in question is one prohibited to private corporations attempting to organize under the Business Corporation Act.

The question of whether or not an annuity contract is a "contract of insurance" or is a "security" is immaterial to this opinion.

## SUMMARY

The Secretary of State may not issue a charter to a corporation which has as one of its purposes the engaging in the business of dealing in annuities.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _Fred B. Werkenthin_
Fred B. Werkenthin
Assistant

FBW:jg

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

B. H. Timmins, Jr.
Joe Allen Osborn
Wm. R. Hemphill
Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert